**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| |  |
|---|---|
| CARLOS URBINA TORRES,<br><br>     Plaintiff,<br><br>          v.<br><br>CAROLINA MUNICIPAL GOVERNMENT, ET AL.,<br><br>     Defendants. | CIV. NO. 05-1339 (PG) |

**OPINION AND ORDER**

Before the Court are defendants' motions to dismiss. (Docket Nos. 6 & 8.) For the following reasons the Court, GRANTS defendants' motions.

**BACKGROUND**

Plaintiff Carlos Urbina Torres worked as a Municipal Police Officer with the Municipality of Carolina for a period of two years. On March 6, 2000, Mr. Pedro Padilla, acting Commissioner of the Carolina Municipal Police, filed a grievance against plaintiff regarding a robbery that occurred while he was on duty. Plaintiff claims defendants deprived him of his due process rights inasmuch as they failed to give him notice of the proceeding and did not comply with the state law requirements regarding the filing of the grievance procedure. On March 28, 2005, plaintiff filed this civil rights action against the Municipality of Carolina, its Mayor Hon. Jose Aponte La Torre, Mrs. Daly De Aponte, and the Conjugal Partnership Aponte-De Aponte.

Defendants move to dismiss plaintiff's complaint arguing it is time barred inasmuch as he had until April 7, 2003 to file it but did so on March 28, 2005. Defendants motion is unopposed[1].

---

[1] Defendant the Municipality of Carolina filed its Motion to Dismiss on July 8, 2005. (Docket No. 6.) On July 20, 2005, the remaining defendants filed a motion joining the Municipality's motion. (Docket No. 8.) Three months later, and clearly untimely, plaintiff filed a motion requesting an extension of time to file his opposition. The Court denies plaintiff's extremely belated request (Docket No. 9.) and rules on defendant's motions as unopposed.

Civ. No. 05-1339 (PG)                                                    Page 2

## DISCUSSION

### I. Motion to dismiss standard

When ruling on a 12(b)(6) motion a court must accept all well-pled factual averments as true and draw all reasonable inferences in favor of the non-moving party. Berezin v. Regency Savings Bank, 234 F.3d 68, 70 (1st Cir. 2000); Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994). A complaint should not be dismissed unless it appears beyond any doubt that the non-moving party can prove no set of facts which may support a claim entitling him or her to relief. Ronald C. Brown v. Hot, Sexy, and Safe Productions, Inc., 68 F.3d 525 (1st Cir.1995); see also Miranda v. Ponce Federal Bank, 948 F.2d 41, 44 (1st Cir.1991); Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While this standard is very generous to the non-moving party, it does not follow that it is completely "toothless". Zeus Projects Limited v. Pérez & Cia, 187 F.R.D. 23, 26 (D.P.R. 1999). The complainant may not rest merely on "unsupported conclusions or interpretations of law." Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F.2d 962, 971 (1st Cir. 1993). In order to survive a motion to dismiss, he or she must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." Gooly v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir.1988).

### II. Statute of limitations

It is well-settled that the limitations period for §1983 claims "is governed by the applicable state statute of limitations for personal injury actions, which is one year in Puerto Rico". Velazquez-Rivera v. Danzig, 234 F.3d 790, 795 (1st Cir. 2000); see P.R. Laws Ann. tit. 31, § 5298. This one year period "begins running one day after the date of accrual, which is the date plaintiff knew or had reason to know of the injury". Benitez-Pons v. Com. of Puerto Rico, 136 F.3d at 54, 59 (1st Cir. 1998).

Civ. No. 05-1339 (PG)                                                    Page 3

### III. Analysis

With its motion to dismiss, the Municipality included a sworn affidavit by Vilma Alvarez Villalba, custodian of the municipal employee records, in which she states that on April 4, 2002 the Mayor of Carolina sent a letter by certified mail to plaintiff notifying him of his dismissal from his employment with the Municipality as a result of the disciplinary grievance proceeding. (See Docket No. 6.) She further indicates that plaintiff received the letter on April 6, 2002. (Id.)

It is pellucidly clear that plaintiff's civil rights action accrued on April 7, 2002. He had until April 7, 2003 to file suit. The complaint was filed March 28, 2005, almost two years after the one year period expired. Thus, the complaint is time-barred and must be dismissed.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendants motions to dismiss (**Docket Nos. 6 & 8**) and dismisses plaintiff's complaint.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, October 14, 2005.

                                            S/JUAN M. PEREZ-GIMENEZ
                                            U. S. DISTRICT JUDGE